T.C. Summary Opinion 2007-121

UNITED STATES TAX COURT

DIANA L. GRAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10520-06S.                Filed July 18, 2007.

Diana L. Gray, pro se.

<u>Thomas M. Rath</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's 2003 and 2004 Federal income taxes of $1,974 and $2,000, respectively. After concessions,[2] the only issue remaining is whether petitioner is entitled to a tuition and fees deduction of $4,000 in 2004.

Petitioner submitted a Form 1098-T, Tuition Statement, demonstrating that she was billed for qualified tuition and related expenses of $4,007 in 2004. On her 2004 Federal income tax return, petitioner deducted $4,000 for tuition and fees expenses. Respondent concedes that petitioner is entitled to the deduction for tuition and fees if the Court finds that petitioner is entitled to single filing status.

## Discussion

Generally, petitioner bears the burden of proof. Rule 142(a). Respondent, however, bears the burden of proof with respect to any new matter. Id. An assertion is treated as a new matter when it either increases the original deficiency or requires the presentation of different evidence. Shea v.

---

[2] The parties agreed that petitioner is entitled to itemized deductions for charitable contributions of $1,040 in both 2003 and 2004. Petitioner did not contest the adjustments in the notice of deficiency not discussed in this opinion.

Commissioner, 112 T.C. 183, 191 (1999); Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 507 (1989).

In the notice of deficiency, respondent's basis for disallowing petitioner's 2004 tuition and fees deduction was that petitioner "did not furnish information needed to support the claimed deduction." At trial, when the Court asked respondent's counsel what information petitioner needed to support the tuition and fees deduction, respondent replied: "I think it was proving that they were qualified tuition expenses, which the Respondent no longer disputes."

Respondent's position at trial was that petitioner must also prove that she was entitled to single, as opposed to married filing separately, filing status in order to be entitled to the tuition and fees deduction. See sec. 222(d)(4). The notice of deficiency does not provide this as a reason for disallowing petitioner's tuition and fees deduction. Respondent did not file an answer to the petition.[3] Respondent first argued that a married filing separately filing status caused petitioner to be ineligible for a tuition and fees deduction when the case was called for trial.

_____

[3] Rule 173(b), as in effect for small tax cases in which the petition was filed before Mar. 14, 2007, provides that no answer is required to be filed, except where there is an issue on which the Commissioner bears the burden of proof or where the Court otherwise directs.

The issue concerning the effect of petitioner's filing status on the tuition and fees deduction constitutes new matter because it would require the presentation of different evidence. It follows that respondent has the burden of proving that petitioner was a married individual within the meaning of section 7703. See sec. 222(d)(4). He has failed to meet that burden.[4]

Because petitioner provided sufficient evidence to refute respondent's original determination that petitioner had failed to substantiate her tuition expenses, we hold that petitioner is entitled to the tuition and fees deduction for 2004.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[4] While petitioner made an attempt to show that she was legally separated within the meaning of sec. 7703(a)(2) in 2004, and indeed provided evidence to support that she was living separately from her husband pursuant to a court order, she could not reasonably have been expected to adequately contest the issue with such inadequate notification.